# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAFAYETTE HOWARD,

                    Petitioner,

        v.                                          CIVIL ACTION NO. 1:12cv129
                                                    (Judge Keeley)

TERRY O'BRIEN,

                    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 16, 2012, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 together with a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Account Report. On August 24, 2012, the petitioner was granted leave to proceed *in forma pauperis* but was required to pay the $5.00 filing fee. The fee was paid on September 5, 2012. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

On July 12, 1999, the petitioner pleaded guilty to several counts of a multiple count indictment all relating to a January 15, 1999, armed robbery. More specifically, he pleaded guilty to two counts of Bank Robbery by Force or Violence in violation of 18 USC § 2113(a)(d) & (e) and one count of Carry and Use of a Firearm During and in relation to a Crime of Violence in violation of 18 U.S.C. § 9244(c). On September 20, 1999, he was sentenced to 28 years imprisonment and five years of supervised release. See USA v. Crawford, et al., 2:99-cr-2061 (U.S. District Court, Western District of Tennessee). The petitioner did not file an appeal. Although the petitioner

1

alleges that he filed a Motion to Vacate, the docket sheet from the Western District of Tennessee does not reflect such a motion, nor does PACER indicate that said motion was filed. However, the petitioner did file a previous petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Louisiana on August 1, 2011. In that petition, he alleged actual innocence, ineffective assistance of counsel, and conviction of a non-existent crime. The District Court found that the petitioner was unable to carry his burden of proving that § 2241 petition fell under the savings clause of § 2255. Therefore, the petition was dismissed for lack of jurisdiction. See Howard v. Young, 2:11cv1415 (Western District of Louisiana).

### III. ISSUES PRESENTED

In his pending § 2241 petition, the petitioner alleges that his sentence was improperly enhanced. More specifically, the petitioner alleges that under Count Three, Carrying and Use of a Firearm During and in relation to a Crime of Violence, an enhancement was given because it was alleged that he was a convicted felon.[1] Relying on the holding in Carachuri-Rosando v. Holder, 130 S.Ct. 2010), the petitioner argues that his prior convictions were not felony convictions because they were not for offenses punishable by a term of imprisonment exceeding one year.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241

---

[1]As explained more fully in this Report and Recommendation, this allegation does not merit relief under § 2241. Moreover, it does not appear that the petitioner's sentence was enhanced based on predicate offenses. 18 U.S.C. § 924(c) provides for a mandatory minimum sentence of five (5) years, which is precisely what the petitioner received.

petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy

the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this
> section, shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced
> him, or that such court has denied him relief, *unless it also appears*
> *that the remedy by motion is inadequate or ineffective to test the*
> *legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable

under § 2255 because of a limitation bar, the prohibition against successive petitions, or a

procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255

remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in

Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a
> conviction when: (1) at the time of the conviction, settled law of this
> circuit or the Supreme Court established the legality of the
> conviction; (2) subsequent to the prisoner's direct appeal and first
> §2255 motion, the substantive law changed such that the conduct of
> which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gate-keeping provisions of §2255
> because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to

challenge the validity of his conviction or sentence under § 2241. More specifically, it is clear from

the language used in Jones that the Fourth Circuit contemplated a situation in which a prisoner is

imprisoned for an offense which is no longer a crime.[2] Here, the petitioner's claim does not fall

within the ambit of the savings clause because he cannot satisfy the second element of the Jones test

as he cannot show that "the substantive law has changed such that the conduct of which he was

convicted [Bank Robbery by Force or Violence and Violent Crime/Drugs/Machine Gun] is deemed

not to be criminal." Jones, 226 F.3d at 333-34.

The petitioner's challenge is based not on the offenses for which he was convicted, but

rather on an allegation that his sentencing was enhanced based on prior felony convictions. The

Fourth Circuit has not broadened the parameters of the analysis of the savings clause in Jones to

encompass a challenge to a sentence based on a sentence guideline enhancement or a claim of

"actual innocence" of a sentence guideline enhancement. See Boynes v. Berkebile, 2012 WL

1569653 (S.D.W.Va. May 1, 2012). Furthermore, as noted by Judge Berger in her decision in

Boynes, opinions issued by several Fourth Circuit district courts, that reject a petitioner's attempt to

employ § 2241 to challenge the legality of a sentence where the petitioners assert they are actually

innocent of the predicate offense have been affirmed by the Fourth Circuit, although by unpublished

opinion. In addition, as noted by Judge Berger, other Appellate courts have rejected the use of the

savings clause for challenges to a petitioner's sentence. See Okereke v. United States, 307 F.3d 117,

120 (3d Cir. 2002) (finding that § 2255 was not inadequate or ineffective such the savings clause

---

[2]In Jones, the petitioner was convicted of using a firearm during and in relation to a drug
trafficking crime, in violation of 18 U.S.C.§ 924(c)(1), based on constructive possession of
firearms. Subsequent to the petitioner's unsuccessful § 2255 motion challenging his sentence, the
Supreme Court, in Bailey v. United States, 516 U.S. 137 (1995) held that "use" of a firearm under
Section 924(c)(1) required the "active employment of a firearm." The petitioner was precluded from
filing a successive § 2255 motion because the decision in Bailey did not constitute a new retroactive
rule of constitutional law or constitute newly discovered evidence. The Fourth Circuit held that,
under the circumstances, a § 2255 motion was inadequate to test the legality of the petitioner's
detention and permitted the use of the § 2241 petition. Of importance, is that the petitioner in Jones
challenged his offense of conviction.

would permit a challenge to a prisoner's sentence); <u>Adderly v. Zickefoose</u>, No. 11-6450, 2011 WL 5513187, *1 (D.N.J. Nov. 9, 2011), *aaf'd*, 2012 WL 252416, *1 (3d Cir. Jan. 27, 2012(unpublished decision); <u>see also</u> <u>Bradford v. Tamez</u>, 660 F.3d 226, 230 (5th Cir. 2011)(disallowing claim under the savings clause because a "claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); <u>Kinder v. Purdy</u>, 222 F.3d 209 (5th Cir. 2000).

## IV. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the Petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** .

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 1-8-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

5