```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**LAFAYETTE HOWARD,**

    **Petitioner,**

  **v.**                                                     **CIVIL NO. 1:12CV129**
                                                                 **(Judge Keeley)**

**TERRY O'BRIEN,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the 28 U.S.C. § 2241 petition filed by LaFayette Howard ("Howard"). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety.

**I.**

On August 16, 2012, the pro se petitioner, inmate Lafayette Howard ("Howard"), filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his sentence was improperly enhanced. (Dkt. No. 1). The Court referred this matter to United States Magistrate Judge David J. Joel for initial screening and a report and recommendation in accordance with LR PL P 2.

Magistrate Judge Joel issued an Opinion and Report and Recommendation ("R&R") on January 8, 2013, in which he recommended that the petitioner's § 2241 petition be denied and dismissed without prejudice. (Dkt. No. 10). Pursuant to In re Jones, 226 F.3d

**HOWARD v. O'BRIEN**                                                     **1:12CV129**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

328 (4th Cir. 2000), the magistrate judge determined that Howard is not entitled to file the instant § 2241 petition because he has not established that § 2255 is an inadequate or ineffective remedy for his claims.

On June 21, 2013, after receiving several extensions, Howard filed objections to the R&R. (Dkt. No. 22). In essence, Howard contends that he can meet the three-prong test of In re Jones and that, consequently, the magistrate judge incorrectly determined that § 2241 was an improper vehicle for his claims. After conducting a de novo review, the Court concludes that Howard's objections are without merit.

**II.**

On July 12, 1999, Howard pleaded guilty in the United States District Court for the Western District of Tennessee to two counts of Bank Robbery by Force or Violence in violation of 18 U.S.C. § 2113(a)(d) & (e) and one count of Carry and Use of a Firearm During and in relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). On September 20, 1999, he was sentenced to twenty-eight (28) years imprisonment and five (5) years of supervised release.

Howard now argues that the predicate offenses used to qualify him as a "career offender" under the United States Sentencing

**HOWARD v. O'BRIEN**                                                                 **1:12CV129**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Guidelines no longer qualify as felonies pursuant to Carachuri-Rosendo v. Holder, --- U.S. ----, 130 S. Ct. 2577, 177 (2010),[1] and he consequently seeks a recalculation of his sentence.

### III.

Where, as here, a petitioner seeks to attack the imposition of his sentence, rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2225 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (the "savings clause"); see also In re Jones, 226 F.3d at 332. Section 2255 is inadequate or ineffective where:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Contrary to Howard's arguments, he has not established that "the conduct of which [he] was convicted" is no longer criminal, as required by the second prong of this test. Id.

---

[1] The Court notes that Carachuri–Rosendo is a "procedural rule" that is "not retroactively applicable to cases on collateral review." United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012).

**HOWARD v. O'BRIEN**                                                                                 **1:12CV129**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11CV9, 2012 WL 509852 (N.D. W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined [] to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).[2]

Here, Howard argues that his past crimes were misclassified as qualifying "felonies" for the purposes of the career offender

---

[2] See also Little v. Hamidullah, 177 F. App'x 375, 375–376 (4th Cir. 2006); Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor." (internal quotations omitted)); Kinder v. Purdy, 222 F.3d 209, 213–14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); Boynes v. Berkebile, No. 5:10CV00939, 2012 WL 1569563, *7 (S.D. W. Va. May 1, 2012); Cooper v. Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim."); White v. Rivera, 518 F. Supp. 2d 752, 757 n.2 (D.S.C. 2007) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'").

**HOWARD v. O'BRIEN**                                                          **1:12CV129**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

sentencing enhancement. He does not assert that the conduct for which he was actually convicted is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases). The Court therefore agrees with the magistrate judge that Howard's claims are not cognizable in this proceeding and **OVERRULES** his objections to the R&R.

**IV.**

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 10);

2. **DENIES** Howard's § 2241 petition (dkt. no. 1); and

3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of

**HOWARD v. O'BRIEN** **1:12CV129**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

    Dated: July 30, 2013.

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE